IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| C. H., YOB 1990,<br>SSN XXX-XX-9061,<br>by and through<br>his parents and next friends<br>Timothy and Barbara Hayes.<br>21055 Cubbage Pond Road<br>Lincoln, DE 19960<br>Sussex County, Delaware<br><br>    **Plaintiffs**<br>v.<br><br>Cape Henlopen School District<br>Serve On:<br>George E. Stone (officially)<br>1270 Kings Highway<br>Lewes, DE 19958<br>Sussex County, Delaware<br><br>and<br><br>George E. Stone (officially)<br>Superintendent of Schools<br>Cape Henlopen School District<br><br>and<br><br>Delaware Department of Education<br>Serve On:<br>Valerie A. Woodruff (officially)<br>John G. Townsend Building<br>401 Federal Street, Suite 2<br>Dover, DE 19901<br>Kent County, Delaware<br><br>and<br><br>Valerie A. Woodruff (officially)<br>Secretary<br>Delaware Department of Education<br><br>    **Defendants** | *<br><br>*<br><br>*<br><br>*<br><br>*<br><br>    Civil Action No.<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>* |

\* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
AND REIMBURSEMENT**

*JURISDICTION*

1

This Honorable Court has jurisdiction over this matter pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §1400 *et seq.*, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. §794 *et seq.*, 42 U.S.C. § 1983 ("Section 1983") and 28 U.S.C. §§1331 and 1343. This Court has pendant jurisdiction pursuant to 14 Del. C. § 3100 *et seq.* Plaintiffs bring this Complaint seeking review of a decision of a Delaware Department of Education Due Process Hearing Panel, rendered on January 6, 2007, and transmitted by the Panel to the parties on January 9, 2007.

## *PARTIES*

1. C. H. is a minor child (DOB: 1990) who is disabled as that term is defined by the IDEA and Section 504 and who, at all times relevant to this action, has resided in the Cape Henlopen School District in Sussex County, Delaware. Timothy Hayes. and Barbara Hayes. ("the parents") are the parents of C. H. ("C.H.") and, at all times relevant to this action, have resided in the Cape Henlopen School District in Sussex County, Delaware.

2. Cape Henlopen School District ("CHSD") is a local educational agency as defined by 20 U.S.C. §1401 and is responsible for complying with federal law and state law with respect to the provision of a free appropriate public education ("FAPE") to disabled children residing in the district.

3. George E. Stone (the "Superintendent") is the Superintendent of the local educational agency in charge of providing a FAPE to disabled children residing in the Cape Henlopen School District. He is responsible for ensuring that the local educational agency acts in accordance with the law in the delivery of special education and related

services to disabled children within the agency's jurisdiction. He is sued in his official capacity.

4. Delaware Department of Education ("DDOE") is a state education agency as defined by 20 U.S.C. §1401 and is responsible for complying with federal law and state law with respect to the provision of a free appropriate public education ("FAPE") to disabled children residing in the state of Delaware. In particular, the DDOE is responsible for providing funding for disabled children who require out-of-state school placements.

5. Valerie A. Woodruff ("the Secretary") is the Secretary of the Delaware Department of Education. She is responsible for ensuring that the state educational agency acts in accordance with the law in the delivery of special education and related services to disabled children within the agency's jurisdiction. She is sued in her official capacity.

## STATEMENT OF FACTS

6. C.H. is a child with a specific learning disability that affects his ability to read, write, and process language. He has been diagnosed with Dyslexia, Dysgraphia and a Severe Language Disorder. He was first identified as learning disabled during the 1998-99 school year, when he was in second grade. At that time, C.H. and his parents were not living in the Cape Henlopen School District.

7. C.H.'s family moved to the Cape Henlopen School District in time for him to begin fourth grade there, for the 2000-2001 school year.

8. C.H.'s parents and CHSD have a long history of disagreements regarding the provision of FAPE to C.H., leading to due process hearings in 2001 and 2002. In January 2002, C.H. began attending the Greenwood School, a nonpublic school in Vermont, at his

parents' expense. His parents requested a due process hearing at which they sought reimbursement from CHSD for the Greenwood School placement. They lost, and the hearing panel declined to order CHSD to reimburse them for the placement. The parents appealed the decision to the U.S. District Court and to the Third Circuit Court of Appeals. Both federal courts affirmed the decision of the hearing panel.

9.  C.H. returned to school in CHSD in October 2003. The parents and CHSD agreed on an IEP for C.H., but were unable to reach an agreement regarding placement.

10. In February 2004, after providing prior written notice to CHSD, C.H.'s parents placed him at the Gow School, a private residential school for boys with language based learning disorders and dyslexia in South Wales, New York.

11. On or about June 9, 2005, CHSD met with C.H.'s mother and offered a placement. The parents rejected the placement and requested a due process hearing, seeking reimbursement for C.H.'s placement at the Gow School. CHSD filed a counter-complaint.

12. On or about September 2, 2005, CHSD, DDOE and the parents entered into a settlement agreement which resolved all disputes identified in the parent's request for due process and the counter-request filed by CHSD ("the Agreement").

13. The settlement agreement stipulated that C.H.'s parents would place him at the Gow School for the 2005-06 school year. It also stipulated that when and if services were provided the District would pay for C.H.'s tuition, room, and board for the regular 2005-2006 school year, as well as any reasonable transportation and accommodation expenses. Further stipulations provided that the parents authorized the Gow School to release records and information to CHSD and DDOE concerning C.H.'s education,

attendance, performance, and status as a student at the Gow School. Finally, the agreement stipulated that the Gow School was not C.H.'s "stay-put" placement.

14. C.H. attended the Gow School for the 2005-06 school year.

15. During the 2005-06 school year, CHSD's Supervisor of Special Programs ("the Supervisor") advised C.H.'s mother that CHSD wanted to evaluate C.H. prior to developing an IEP. C.H.'s mother made several subsequent inquiries as to when the evaluation would be administered, and provided the Supervisor with the dates C.H. would be home from Gow on vacation. No evaluation was scheduled.

16. On or about May 25, 2006, the Supervisor advised C.H.'s mother that CHSD needed to re-evaluate C.H. and determine his eligibility for services prior to developing an IEP.

17. CHSD had previously conducted a triennial review for C.H. in December of 2003.

18. On or about May 30, 2006, the Supervisor sent C.H.'s mother a letter indicating the need to determine C.H.'s eligibility for services, and enclosing a Permission to Evaluate form.

20. C.H.'s mother responded by letter on or about June 9, 2006, expressing concern about the qualifications of the examiners who would evaluate C.H..

21. The Supervisor responded by letter dated July 5, 2006 and again asked for permission to have CHSD personnel evaluate C.H.. C.H.'s mother responded on July 6, 2006 and granted permission.

22. A CHSD psychologist evaluated C.H. on August 7 and 14, 2006.

23. By notice dated August 18, 2006, CHSD scheduled an IEP team meeting for August 22, 2006. The notice stated that the purpose of the meeting was to review the

results of evaluations, determine eligibility for special education services, and develop, review, or revise an IEP. The parents waived their right to ten days' notice of the meeting.

23. An IEP team meeting was held on August 22, 2006. The team agreed that C.H. was eligible for special education services, but required CHSD personnel left the meeting before an IEP could be developed.

24. During the August 22, 2006 IEP meeting, the team discussed possible dates for a second meeting. September 11, 2006 was discussed as a possible date but there was no agreement on the date.

25. The parents never received a notice for a second IEP meeting.

26. September 5, 2006 was Gow's first day of school for the 2006-07 school year. C.H. resumed attendance on the first day of school.

27. September 6, 2006 was CHSD's first day of school for the 2006-07 school year.

28. On September 7, 2006, C.H.'s mother filed a request for due process hearing, alleging that CHSD had failed to timely develop an IEP for C.H. and requesting that CHSD reimburse the parents for C.H.'s placement at Gow.

29. An IEP meeting was convened on September 11, 2006, but the parents did not receive notice and did not attend. No IEP was developed.

30. A due process hearing was held on December 4 and 12, 2006. DDOE was joined as a party because the case involved reimbursement for an out of state program.

31. The hearing panel issued a decision in favor of CHSD and DDOE. The decision is dated January 6, 2007, and was transmitted to the parties by email on January 9, 2007.

*ISSUES FOR JUDICIAL REVIEW*

32.   As the funding agencies, CHSD and DDOE had a duty to monitor C.H.'s placement and conduct al review of his progress before the end of the 2005-06 school year. 20 U.S.C. § 1414(d)(4)(A)(i). CHSD failed to do so.

33.   CHSD had no obligation to assess C.H. prior to writing an IEP, as his triennial re-evaluation was not yet due. 20 U.S.C. § 1414(a)(2)(B). However, even if CHSD felt a re-evaluation was necessary, it had an obligation to conduct an annual review and develop an IEP for the 2006-07 school year for C.H. no later than June 9, 2006.

34.   CHSD had an obligation to have an IEP in effect for C.H. by the beginning of the 2006-07 school year. 20 U.S.C. § 1414(d)(2)(A). CHSD failed to meet this obligation. The Due Process Hearing Panel erred by finding that there was no requirement to have an IEP in effect by the first day of the school year.

35.   By failing to develop an IEP, CHSD failed to offer C.H. a free, appropriate public education ("FAPE") by the beginning of the 2006-07 school year. The parents thus had no choice but to place C.H. at Gow.

36.   CHSD had an obligation to provide the parents with ten days' written notice of the September 11, 2006 IEP meeting. CHSD violated the parents' procedural rights by failing to provide such notice. The Due Process Hearing Panel erred by finding that there was no need for CHSD to provide notice.

37.   The Due Process Hearing Panel erred by treating C.H. as if he were a student entering CHSD from another school district, who therefore did not have to have a CHSD IEP in effect by the beginning of the school year.

38.   The Due Process Hearing Panel erred by finding that the violations in this case did not result in a denial of FAPE.

39. The Due Process Hearing Panel erred by finding that the only procedural violation committed by CHSD was a failure to include a definitive statement that transition services would be discussed in its notice for the August 22, 2006 IEP meeting.

## *RELIEF REQUESTED*

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court:

a. Enter a finding that the Defendants did not offer a free appropriate public education to C.H. H. for the 2006-07 school year;

b. Enter a finding that the Gow School is able to provide C.H. an appropriate educational program;

c. Enter a finding that the Defendants violated section 504 of the Rehabilitation Act of 1973;

d. ORDER the Defendants to reimburse the parents for the tuition, room, board, and related expenses of the Gow School for the 2006-2007 school year and continuing until such time as the Defendants offer an appropriate public placement;

e. ORDER the Defendants to reimburse the parents for the costs of attorneys' fees, expert witness fees, and other litigation expenses related to the administrative hearing and this action; and

g. ORDER such other and further relief as the nature of this case and justice require.

RESPECTFULLY SUBMITTED,

_____
Bruce L. Hudson, Esq., Delaware Bar No. 1003
800 N. King Street, Suite 302
Wilmington, DE 19801
(302) 656-9850

Attorney for Plaintiffs

Date: _____

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
~~[redacted]~~ et al.
C.H.

**DEFENDANTS**
Cape Henlopen School District et al.

(b) County of Residence of First Listed Plaintiff: **Sussex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Bruce L. Hudson, 800 N. King St., Ste. 302, Wilmington DE 19801, 302-656-9850

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(Place an "X" in One Box for Plaintiff and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
20 U.S.C. §1400 et seq., 29 U.S.C. §794 et seq.

Brief description of cause: Appeal of special education due process hearing decision

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 4/5/07
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. __07 - 193__

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___4___ COPIES OF AO FORM 85.

__APR 0 5 2007__                      _(signature)_
(Date forms issued)                   (Signature of Party or their Representative)

__Xiaojuan Huang__
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action