IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| C.H., | : | |
| | : | |
| Plaintiff, | : | C.A. No. 07-193 |
| | : | |
| v. | : | |
| | : | |
| THE CAPE HENLOPEN SCHOOL DISTRICT, GEORGE E. STONE, THE DELAWARE DEPARTMENT OF EDUCATION, and SECRETARY VALERIE A. WOODRUFF, | : | |
| | : | |
| Defendants. | : | |

**ANSWER**

Jurisdiction

Admitted Plaintiff, C.H., seeks to invoke the jurisdiction of the Court pursuant to the statutes identified in the beginning paragraph of the Complaint.

Parties

1. Admitted.

2. Denied as stated; except admitted the Cape Henlopen School District ("the District") is a political subdivision of the State of Delaware and administers special education and related services to its eligible students identified with disabilities under the Individuals With Disabilities Education Act ("IDEA") and 14 *Del. C.* § 3103 *et seq*. Admitted the District is a local educational agency as defined by 20 U.S.C. § 1401(19).

3. Denied as stated; except admitted that Dr. George E. Stone is the Superintendent

of the District and the Executive Secretary to the District's Board of Education. Admitted the Complaint identifies Dr. Stone in his official capacity only.

4. Denied as stated; except admitted the Delaware Department of Education ("the Department") is a state educational agency as defined in 20 U.S.C. § 1401(32) and is responsible for the general control and supervision over all public schools in the State of Delaware.

5. Denied as stated; except admitted Valerie A. Woodruff is the Secretary of Education of the Department and is the administrator and head of the Department. Admitted the Complaint identifies Secretary Woodruff in her official capacity only.

Facts

6. Admitted that C.H. is a child with a disability as that term is defined under the IDEA. Admitted that C.H. was initially identified as learning disabled during the 1998-1999 school year and, at that time, C.H. and his parents were not living in the District. Admitted that C.H.'s learning disability impacts his ability to read, write, and process language. Admitted that C.H. has been diagnosed with a mixed form of dyslexia (phonological, rapid naming and automaticity). By way of further answer, previous evaluations have also indicated the presence of ADHD and the possibility of a central auditory processing disorder. Otherwise denied as stated.

7. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 7 of the Complaint. By way of further answer, C.H. attended the 4th grade in the District, but only for part of the school year.

8. Admitted. By way of further answer, since December 2001, C.H. has been enrolled in a succession of private school placements based on the unilateral decision of his

parents. For most of his 4th grade year (i.e., from December 2001 to approximately June 2002), C.H. attended the Greenwood School, a 24 hour residential school in Vermont serving only students with disabilities. At the time, C.H.'s parents alleged the District could not provide C.H. a free, appropriate public education, and they requested a due process hearing seeking private school tuition reimbursement and C.H.'s continued placement at the Greenwood School at public expense. C.H.'s parents did not, however, prove their allegations. Rather, the Panel found C.H.'s public educational program and placement provided him with the free, appropriate public education required by law. Thus, the decision of C.H.'s parents to place their son at a private school was a unilateral decision for which the District and the Department were not financially responsible. C.H.'s parents then appealed the Panel's decision to the U.S. District Court and the Third Circuit Court of Appeals. While both federal court appeals were pending, C.H.'s parents continued their son's placement at the Greenwood School for his entire 5th grade school year (i.e., 2002-2003).

9. Admitted. By way of further answer, the Third Circuit issued a decision affirming the findings of the U.S. District Court and finding in the District's favor. Once the Third Circuit's decision was received, C.H.'s parents returned him to the District for his 6th grade school year (i.e., 2003-2004), but only for a few months. In February 2004, C.H.'s parents unilaterally placed him at the Gow School, a 24 hour residential school in New York serving only students with disabilities. For approximately half of the 6th grade year (i.e., 2003-2004) and the entire 7th grade year (i.e., 2004-2005), C.H. attended the Gow School.

10. Admitted. By way of further answer, C.H.'s parents again contended their son's educational needs could not be met in the public school system. C.H.'s parents and the District

requested a due process hearing pursuant to 20 U.S.C. § 1415(c)(2) and 14 *Del. C.* § 3135.

    11.    Admitted.

    12.    Denied as stated; except admitted the written Settlement Agreement speaks for itself.

    13.    Denied as stated; except admitted the Settlement Agreement speaks for itself.

    14.    Admitted.

    15.    Denied as stated; except admitted the District offered to evaluate C.H.'s special education needs should his parents return him to the District. By way of further answer, C.H.'s mother did not inform the District she intended to return her son to the District for the 2006-2007 school year. Nor did she request the District to develop an IEP for the 2006-2007 school year. Rather, C.H.'s mother re-enrolled C.H. in the Gow School for the 2006-2007 school year.

    16.    Admitted that the District informed C.H.'s mother that it needed to re-evaluate him in order to determine his continued eligibility for special education services under the IDEA prior to developing any IEP for the 2006-2007 school year.

    17.    Admitted.

    18.    Denied as stated. Admitted the May 30, 2006 letter speaks for itself.

    20. [sic][1]    Denied as stated. Admitted the June 9, 2006 letter speaks for itself.

    21.    Denied as stated. Admitted the July 5th and July 6th, 2006 letters speak for themselves.

    22.    Admitted.

    23.    Denied as stated. By way of further answer, an IEP team meeting was held on

---

[1] The Complaint omits a Paragraph 19.

August 22, 2006, and the IEP team agreed C.H. was eligible for special education and related services.

24. Denied as stated. By way of further answer, during the August 22, 2006 IEP meeting, the team discussed possible dates to continue the IEP meeting. The team agreed to continue the IEP meeting to September 11, 2006. The District offered to reschedule at an earlier date, but C.H.'s mother declined because she had travel plans.

25. Defendants are without sufficient information or knowledge to admit or deny the allegations in Paragraph 25 of the Complaint.

26. Upon information and belief, admitted.

27. Admitted.

28. Admitted.

29. Denied as stated. By way of further answer, the IEP meeting was continued on September 11, 2006, and C.H.'s parents did not appear. C.H.'s parents deliberately withdrew from the IEP development process and filed a request for due process hearing.

30. Admitted.

31. Admitted.

Issues for Judicial Review

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted against any of the Defendants.

SECOND DEFENSE

The Eleventh Amendment of the United States Constitution and the doctrine of sovereign immunity bar any claim for damages against the Delaware Department of Education and Secretary Valerie A. Woodruff.

THIRD DEFENSE

The Cape Henlopen School District, Dr. George E. Stone, the Delaware Department of Education, and Secretary Valerie A. Woodruff are entitled to qualified immunity.

FOURTH DEFENSE

There is no individual liability under the Rehabilitation Act to sustain a claim against either Dr. George E. Stone or Secretary Valerie A. Woodruff.

FIFTH DEFENSE

Denial of Plaintiff's request for an award of attorney's fees and costs is warranted pursuant to the IDEA and 34 C.F.R. § 300.517.

WHEREFORE, the Cape Henlopen School District, Dr. George E. Stone, the Delaware Department of Education, and Secretary of Education, Valerie A. Woodruff, request this

Honorable Court dismiss with prejudice all of Plaintiff's claims for relief and award such costs, fees, and other relief as the Court deems just and equitable.

YOUNG, CONAWAY, STARGATT & TAYLOR LLP

*/s/ Michael P. Stafford*

______________________________

Barry M. Willoughby, Esquire (No. 1016)
Michael Stafford, Esquire (Bar ID 4461)
1000 West Street
17th Floor
Wilmington, DE 19899
Phone: (302) 571-6553
bwilloughby@ycst.com
mstafford@ycst.com
Attorneys for the Cape Henlopen School District and Dr. George E. Stone

DEPARTMENT OF JUSTICE

*/s/ Jennifer L. Kline*

______________________________

Jennifer L. Kline, Esquire (Bar ID 4075)
102 West Water Street
Dover, DE 19901
Phone: (302) 739-7641
Jennifer.Kline@state.de.us
Attorneys for the Delaware Department of Education, and Secretary of Education, Valerie A. Woodruff

Dated: June 14, 2007