IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| C.H., by his parents and next Friends, ) <br> TIMOTHY and BARBARA HAYES, ) <br> ) <br>             Plaintiffs, ) <br> ) <br>   v. ) <br> ) <br> CAPE HENLOPEN SCHOOL DISTRICT, ) <br> et al., ) <br> ) <br>             Defendants. ) | Civil Action No. 1:07-cv-00193 MPT |

**DEFENDANTS' JOINT ANSWERING BRIEF IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

DEPARTMENT OF JUSTICE
Paula A. Fontello, Esq. (I.D. No. 3732)
102 West Water Street
Dover, DE 19901
Phone: (302) 739-7641; (302) 739-7652
Paula.fontello@state.de.us
Attorneys for the Delaware Department
Of Education, and Secretary of
Education, Valerie A. Woodruff

YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Barry M. Willoughby, Esquire (No. 1016)
Michael P. Stafford, Esquire (No. 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware  19899-0391
Telephone:  (302) 571-6623; 571-6553
Facsimile:    (302) 576-3299; 576-3461
Email: bwilloughby@ycst.com;
mstafford@ycst.com
Attorneys for Defendants, Cape Henlopen School
District and Dr. George E. Stone.

Dated:  February 8, 2008

# TABLE OF CONTENTS

TABLE OF CITATIONS ........................................................................................................... ii

COUNTER STATEMENT OF FACTS ..................................................................................... 1

COUNTER STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS
NO DISPUTE............................................................................................................................... 1

SUMMARY OF THE ARGUMENT .......................................................................................... 3

ARGUMENT ................................................................................................................................ 5

    I.    The Hearing Panel Correctly Determined That, Under These Facts, There Was No Legal Requirement For An IEP To Be In Place On The First Day Of School. ................................................................................... 5

    II.    The District Did Not Commit A Procedural Violation With Respect To The Notice For The September 11, 2006 IEP Meeting........................ 9

    III.    Any Procedural Violations Committed By The District Did Not Constitute A Denial Of FAPE............................................................................. 11

    IV.    The Parents Are Not Entitled To Reimbursement For The Costs Of The Gow School Placement................................................................................. 13

CONCLUSION .......................................................................................................................... 14

# TABLE OF CITATIONS

**Cases**

*Amann v. Stow School Sys.*,
  982 F.2d 644 (1st Cir. 1992), *cert. denied*, 510 U.S. 1181 (1994) ............................................ 7

*Carl D. v. Special Sch. Dist.*,
  21 F. Supp. 2d 1042 (E.D. Miss. 1998) ................................................................................ 7

*Corey H. v. Cape Henlopen Sch. Dist.*,
  286 F. Supp. 2d 380 (D. Del. 2003) ..................................................................................... 8

**Other Authorities**

14 *Del. C.* § 3143 ............................................................................................................................ 6

20 U.S.C. § 1415(j) ......................................................................................................................... 6

42 U.S.C. § 1983 ............................................................................................................................. 4

*Cape Henlopen Sch. Dist.*,
  24 IDELR 1087 (1996) ....................................................................................................... 12

CDR 14-025 23.5 ............................................................................................................................ 7

CDR 14-925 23.5 ............................................................................................................................ 7

CDR 14-925 5.2.4 ........................................................................................................................... 7

*In Re: Student with a Disability*,
  27 IDELR 1170 (1998) ....................................................................................................... 12

Rehabilitation Act of 1973 ("Section 504") ................................................................................... 4

## COUNTER STATEMENT OF FACTS

Defendants hereby incorporate by reference the Statement of Facts contained in their Opening Brief in Support of Their Joint Motion for Summary Judgment.

## COUNTER STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO DISPUTE

In her Opening Brief, Plaintiff identifies a number of facts as being "Material Facts As To Which There Is No Genuine Dispute."[1] Defendants do not agree with Plaintiff's characterization of several of the purportedly undisputed material facts. Specifically, Plaintiff indicates that "[o]ver the course of the 2005-2006 school year, C.H.'s mother and the District Supervisor of Special Programs [Elizabeth Joynes] met in person multiple times." (Plaintiff's OB at 12; *see also* OB at 7)[2] ("Over the course of that school year [i.e. 2005-2006] the District's Supervisor of Special Programs and C.H.'s mother met and discussed possible placement for C.H. for the 2006-2007 school year"). However, the testimony shows that none of these meetings concerned C.H. (D.I. 21, Tab 2, Joynes 140). ("They were other educational-related meetings. They—to my recollection, none of them were specifically about [C.H.].")). Joynes clarified that the meetings concerned Plaintiff's younger son and that she had no indication from them that Plaintiff had any intention of returning C.H. to the District. (D.I. 21, Tab 4, Joynes 3-8). Indeed, Joynes' testimony regarding "a conversation" concerning C.H. was that Plaintiff "indicated that you would like him to stay at Gow School but you didn't indicate that he was returning to the District, no." (D.I. 21, Tab 2, Joynes 138). Joynes was then asked by Plaintiff how many meetings occurred at which "there *could have been* a discussion as to where [C.H.] was going to school for the 06/07 school year" – a far different question than how many

---

[1] For the convenience of the Court and ease of reading, "Plaintiff" will be referred to using the female gender while "C.H." and "his" will denote the student.

discussions actually occurred. (D.I. 21, Tab 2, Joynes 139-140). And again, as noted above, these meetings concerned C.H.'s younger brother, not C.H.

In addition, although the Hearing Panel did not specifically reference Plaintiff's lack of testimonial credibility in its Findings of Fact, a fair reading of the Administrative Decision and Order indicates that the Hearing Panel did conclude the Plaintiff's testimony lacked credibility.

Finally, Plaintiff's statement that the Hearing Panel found in favor of C.H. on one claim is inaccurate. Instead, the Hearing Panel merely observed "that the only *possible* procedural error was the failure of the District to include in its notice of the Eligibility/IEP meeting a definitive statement that transition services would be discussed as a part of development of Student's IEP. This *possible* procedural error is easily curable and does not rise to the level of impeding the child's right to FAPE or significantly impeding the parent's right to participate in the decision making process regarding the provision of FAPE to the Student or causing a deprivation of educational benefit. In fact, the minor nature of the procedural violation is such that under the standard of [*Corey v. Cape Henlopen Sch. Dist.*, 286 F. Supp. 380, 385 (D. Del. 2003)], there would be no violation of the IDEA." (D.I. 22, Tab 9) (emphasis added). The forgoing shows that the Hearing Panel did not conclude that the District committed a procedural violation, but rather discussed the hypothetical possibility that the District committed a procedural violation and concluded, without deciding that one had been committed, that its minor nature did not warrant any relief.

---

[2] References to Plaintiff's Opening Brief are designated as "Plaintiff's OB at ____." References to Defendants' Opening Brief are designated as "OB at _____."

2

## SUMMARY OF THE ARGUMENT

Plaintiff's Motion for Summary Judgment must be denied for the following reasons.

First, Plaintiff's argument that the District was obligated to develop an IEP for C.H. by the very first day of the school year, and that its failure to do so warrants the extreme relief of a publicly-funded private placement at The Gow School is erroneous. C.H. attended The Gow School at the election of his parents as a parentally-placed private school student during the 2005-2006 school year. The duties and responsibilities of the District and the Department with respect to C.H.'s attendance at The Gow School during the 2005-2006 school year were limited to those set forth in the Agreement. Neither the District, nor the Department, had any duty or obligation to monitor his progress at The Gow School during the 2005-2006 school year. Similarly, the Defendants had no duty to develop an IEP for C.H. by the conclusion of the 2005-2006 school year, or to have a finalized IEP in place by the beginning of the 2006-2007 school year. Under the specific facts and circumstances of the instant matter, the Hearing Panel did not err in analogizing C.H.'s situation to those of out-of-state and in-state transfer students. Finally, Plaintiff improperly argues that the Hearing Panel held that C.H. was required to re-enroll in the District before the District again became responsible for his education. In making this argument, Plaintiff misreads and mischaracterizes the rationale of the Hearing Panel. The Hearing Panel did not, as Plaintiff alleges, specifically hold that C.H. needed to re-enroll in the District in order for it to be responsible for his education. Instead, the Hearing Panel merely noted that C.H. had never been re-enrolled and that, under the facts of this case, the District was not required to have a completed IEP in place for him by the very first day of school.

Second, the Hearing Panel properly concluded that the District did not commit a procedural violation by failing to issue a second written notice for the September 11, 2006 IEP meeting. Instead, the Panel properly concluded that the September 11, 2006 meeting was merely

3

a continuation of the prior August 22, 2006 meeting. Moreover, Plaintiff's arguments that the absence of a second written meeting notice for the September 11, 2006 IEP meeting interfered with the Plaintiff's opportunity to participate in the development of an IEP are unpersuasive given the testimony that Plaintiff: (a) knew of the September 11, 2006 meeting; and (b) chose not to attend because she had filed an administrative due process complaint. Indeed, despite repeated requests, Plaintiff refused to participate any further in the development of an IEP for C.H. after she filed for due process.

As such, the Hearing Panel properly concluded that the District had not committed any procedural violations, and that there had been no deprivation of FAPE.

In addition, the Plaintiff is seeking an extraordinary remedy in the instant matter – reimbursement for private school tuition (and related expenses) and a continuing, publicly funded placement at The Gow School. Equitable considerations weigh against granting such relief to the Plaintiff. Specifically, Plaintiff's unreasonable conduct, namely her refusal to participate in the IEP development process subsequent to her administrative due process action in September, 2006, forfeited any right to any equitable remedy to which Plaintiff might otherwise have been entitled. Moreover, Plaintiff's own actions demonstrate that it was her intention, at all times, to keep C.H. at The Gow School, and not return him to the District.

Finally, Plaintiff has waived any claims under Section 504 of the Rehabilitation Act of 1973 ("Section 504") and 42 U.S.C. § 1983 ("Section 1983") through her failure to address them in her Opening Brief.

4

**ARGUMENT**

I. **The Hearing Panel Correctly Determined That, Under These Facts, There Was No Legal Requirement For An IEP To Be In Place On The First Day Of School.**

In her Opening Brief, Plaintiff argues that the Hearing Panel erred in determining that the District did not violate the IDEA by failing to have a fully developed IEP in place for C.H. by the first day of school. In support of this argument, Plaintiff argues that the Hearing Panel inappropriately analogized C.H.'s case to that of an out-of-state transfer student, that the District was consistently responsible for C.H.'s education, and finally that C.H. was not required to re-enroll in the District before it became responsible for his education.

First, as described more extensively in Defendants' Opening Brief in Support of Their Joint Motion for Summary Judgment (D.I. 34), it is important to note that C.H. attended The Gow School during the 2005-2006 school year at the election of his parents. Thus, C.H. was a parentally-placed private school student, as that term is defined in the IDEA, and the District's duties and responsibilities towards him were limited to those specifically set forth in the Agreement. As such, the District was not "consistently responsible" for C.H.'s education at The Gow School.

As noted above, Defendants discussed the terms and provisions of the Settlement Agreement pursuant to which the District provided *partial* funding for C.H.'s attendance at The Gow School in their Opening Brief, and will not entirely repeat those arguments here. At this juncture, it is important, however, to clarify some key points regarding the Agreement.

The Agreement specifies that it was the decision of C.H.'s parents to enroll him at The Gow School for the regular 2005-2006 school year. (D.I. 22, Tab 7, District Exhibit Q). Paragraph 1 of the Agreement specifically states that "[p]arents have elected to enroll [C.H.] at

5

The Gow School in the State of New York for the regular 2005-2006 school year." With respect to the District's obligation to fund C.H.'s placement at The Gow School, Paragraph 18 explicitly provides that "[t]he parties also agree the obligation of the District to fund [C.H.'s] placement at the Gow School is *expressly limited* to the 2005-2006 school year, and shall not continue after such period." (emphasis added). As such, The Gow School was *not* a public placement, and C.H. did not have the full range of rights available under the IDEA to students in the public schools, or who have been publicly-placed in private school.

The Plaintiff argues that the "pendant placement" provision in the Agreement "retains the District's responsibility for C.H.'s education following the 2005-2006 school year" and demonstrates that "the settlement agreement contemplated educational placement for C.H. in the District." (Plaintiff's OB at 21). This argument is premised on an inaccurate reading of the "pendant placement" provision in the Agreement. That provision merely clarifies that the District is not liable to provide continued funding for The Gow School placement beyond the 2005-2006 school year *if* a future dispute over C.H.'s educational placement arose. This provision clarifies that The Gow School is *not* a public placement subject to the "stay put" provisions of 20 U.S.C. § 1415(j) and 14 *Del. C.* § 3143. It does not speak to the school C.H. would attend during the 2006-2007 school year. As such, it supports Defendants' argument that C.H. attended The Gow School as a parentally-placed private school student.

Second, the Hearing Panel's analogy of C.H.'s situation to that of an in, or out, of state transfer student is apt given his status as a parentally-placed private school student who had not attended a public school within the District for several years. The Hearing Panel noted that the general rule contained in 34 C.F.R. § 300.323 mandates that public school districts must have IEPs in effect at the beginning of each school year for each child with a disability within its

6

jurisdiction. The Hearing Panel went on to note some of the specific exceptions to the general rule, specifically regulations adopted by the Department which provide districts with up to sixty (60) calendar days to develop an IEP for a student transferring from an out-of-state public school, and up to thirty (30) calender days for an in-state transfer student. *See* former CDR 14-925 5.2.4 ("A review of the IEP shall be instituted and completed within thirty (30) calendar days from the date of initial attendance of the child in the receiving agency, and sixty (60) calendar days for students transferring from out-of-state schools").[3] The Hearing Panel then concluded that under the facts of the instant matter, "[n]either the law nor common sense" required that an IEP be in place for C.H. on the very first day of school.

Although not discussed by the Hearing Panel, parentally-placed private school students are another population for whom public agencies have no duty to develop IEPs on an annual basis. *Carl D. v. Special Sch. Dist.*, 21 F. Supp. 2d 1042 (E.D. Miss. 1998) (A school district is not required to develop and implement, on an annual basis, an IEP for a student with a disability once the child has been unilaterally placed in a private school by their parents); *Amann v. Stow School Sys.*, 982 F.2d 644 (1st Cir. 1992), *cert. denied*, 510 U.S. 1181 (1994) (Parents' unilateral withdrawal of their son from a public school relieved the school of its responsibility to develop and/or revise an IEP on an annual basis). Here, as discussed above, C.H. attended The Gow School as a parentally-placed private school student. His enrollment, at his parent's election, at The Gow School relieved the District of its responsibility to develop and/or revise an IEP for him on an annual basis.

Moreover, this is not the first time that Plaintiff has sought an extreme remedy, private placement at public expense, for an alleged failure to have an IEP developed and in place by a

---

[3] *Cf.* current CDR 14-025 23.5; *see also* current CDR 14-925 23.5.

specific date. In prior litigation between the parties to the instant matter, a due process hearing panel ordered the District, "to convene a meeting to develop an appropriate individualized education program ("IEP") for [C.H.] on November 30, 2001." *Corey H. v. Cape Henlopen Sch. Dist.*, 286 F. Supp. 2d 380, 382-83 (D. Del. 2003). However, although the District convened an IEP meeting on November 30, 2001, as ordered by the hearing panel, the IEP was not completed until December 7, 2001. *Id.* at 385-86. As described by the court, Plaintiff argued, "that the Defendant District's failure to follow the First Due Process Panel's time frame for developing an appropriate IEP was a procedural violation of the IDEA as a matter of law." The District countered that "any delay in implementing Defendant's IEP was insignificant such that Plaintiff cannot establish a violation of the IDEA as a matter of law." *Id.* at 385. The Court agreed with the District and found that it:

> did not violate Plaintiff's procedural rights under the IDEA. The First Due Process Hearing Panel ordered the Defendant District to convene a meeting to develop an appropriate IEP no later than November 30, 2001. Following that decision, the Defendant District met on November 30, 2001 to develop an IEP for Plaintiff; however, the Defendant District did not complete its work on the IEP until December 7, 2001. Although the Court views this seven day delay as regrettable, the Court concludes that it is only a *de minimis* deprivation of the Plaintiff's educational benefits.

*Id.* at 385-86. Echoing the decision of the Hearing Panel in the instant matter, the Court concluded "that the seven day delay *was reasonable in light of the circumstances.*" *Id.* at 386 (emphasis added).

Finally, despite Plaintiff's argument to the contrary, the Hearing Panel did not find that Plaintiff was required to re-enroll C.H. in the District before it became responsible for his education. Rather, as discussed above, it merely determined that the District did not violate the IDEA by failing to have an IEP developed by the first day of school, under these facts.

Plaintiff's failure to re-enroll C.H. in the District sheds light on her true intention – to continue his placement at The Gow School. Plaintiff also states in her Opening Brief that she "offered uncontroverted testimony that she [i.e. the Plaintiff] had asked an employee of the District in December 2005 to begin testing C.H. in order to complete an IEP. See Ex. 3, at 47: 7-19." This is a clear misstatement of the actual testimony of Plaintiff at the due process hearing, which clearly indicated that it was Elizabeth Joynes, a District employee, who in fact allegedly mentioned testing C.H. at a December, 2005 IEP meeting concerning Plaintiff's younger son.

## II. The District Did Not Commit A Procedural Violation With Respect To The Notice For The September 11, 2006 IEP Meeting.

In her Opening Brief, Plaintiff argues that the Hearing Panel erred in determining that the District did not commit a procedural violation by failing to issue a second written notice for the September 11, 2006 IEP meeting. This argument is unavailing for several reasons.

First, despite Plaintiff's arguments to the contrary, the September 11, 2006 IEP meeting *was* merely a continuation of the August 22, 2006 meeting. (D.I. 21, Tab 1, Kichline 120; D.I. 21, Tab 1, Yore 181-182). The original notice of meeting provided to Plaintiff for the August 22, 2006 IEP meeting specifically indicated that the purpose of the meeting included developing an IEP for C.H., in addition to determining his continued eligibility for special education. (D.I. 22, Tab 6, Parents' Exhibit 10). Specifically, the purpose of the meeting was to review the results of recent screenings, evaluations, or assessments, to determine eligibility for special education services, and to develop, review, or revise an Individual Education Program (IEP), "including all related components." (D.I. 22, Tab 6, Parents' Exhibit 10). The Minutes of Conference for the August 22, 2006 meeting also indicate that the purpose of the meeting included the development of an IEP for C.H. Specifically, the Minutes of Conference state that the purpose of the meeting was "[t]o review current testing and to determine eligibility for

9

[special education] *so the team can develop an IEP for the 06-07 school year.*" (D.I. 22. Tab 7, District Exhibit B) (emphasis added). In addition, both "Eligibility Determination" *and* "Individual Education Plan (IEP)" are checked under the heading "Type of Conference." (*Id.*).

Obviously, however, the August 22, 2006 meeting concluded before an IEP was developed. Thus, the August 22, 2006 meeting did not cover all of the purposes listed in the meeting notice. Therefore, the September 11, 2006 meeting was merely a continuation of the August 22, 2006 meeting. The District has never argued that the September 11, 2006 IEP meeting "was a separate and distinct IEP meeting" at any point in this litigation, and the evidence submitted to the Hearing Panel clearly indicates that it was not.

Second, Plaintiff's argument that the District's failure to provide a written notice for the September 11, 2006 meeting deprived her of her ability to meaningfully participate in the IEP development process strains credulity. Plaintiff *admitted* in her testimony before the Hearing Panel that a discussion concerning the continuation of the IEP meeting on September 11, 2006 occurred at the conclusion of the August 22, 2006 meeting. In addition, Plaintiff also testified that she did not attend the September 11, 2006 IEP meeting, because she had filed for due process, not because she had received inadequate or untimely notice of it. (D.I. 21, Tab 3, Hayes 93).

Further evidence that the Plaintiff was aware of the September 11, 2006 IEP meeting, but chose not to participate because she had filed for due process, was also provided by Diane Kichline. On September 8, 2006, Kichline wrote to Mr. Rodgers at The Gow School and invited The Gow School to attend the September 11, 2006 IEP team meeting. (D.I. 21, Tab 1, Kichline 58-59; D.I. 22, Tab 6, Parents' Exhibit 11). The letter specifically notes that the District "has scheduled an IEP meeting for [C.H.] on September 11, 2006 at 9:00 a.m. at Cape Henlopen High

10

School." (D.I. 22, Tab 6, Parents' Exhibit 11). Plaintiff was copied on the September 8, 2006 correspondence from Kichline to Rodgers, which she received on September 9, 2006. (*Id.*; D.I. 21, Tab 3, Hayes 93-94). Kichline also testified that the District received a telephone call from The Gow School shortly before the scheduled start time indicating that Plaintiff would not attend the meeting and that, therefore, The Gow School would not be participating by conference call. (D.I. 21, Tab 1, Kichline 59-60; D.I. 21, Tab 3, Hayes 92-94 (noting that The Gow School had contacted her by telephone and that she informed them that she was not going to attend the meeting because she had filed for due process)).

The foregoing shows that it was the Plaintiff's own volitional choice to cease participating in the IEP development process. As such the absence of a specific written meeting notice for the September 11, 2006 IEP meeting did not deprive Plaintiff of her ability to participate in the IEP development process.

### III. Any Procedural Violations Committed By The District Did Not Constitute A Denial Of FAPE.

Defendants' Opening Brief argues, at length, that the procedural violations alleged by Plaintiff, even if true, did not compromise C.H.'s right to a FAPE, interfere with the parents' opportunity to participate in the development of an IEP, or cause any deprivation of educational opportunity. Defendants hereby incorporate by reference the arguments and authorities contained in their Opening Brief in Support of Their Joint Motion for Summary Judgment.

The unanimous testimony of the witnesses indicates that it was Hayes' own personal decision to cease participating in the IEP development process after filing her Due Process Complaint on September 7, 2006. (D.I. 21, Tab 1, Kichline 66-68; D.I. 21, Tab 3, Hayes 93). She did not attend the September 11, 2006 IEP meeting, and she refused to participate in any

11

additional meetings thereafter. As noted above, when asked why she failed to attend the September 11th meeting, Hayes replied that it was "because I had filed for due process." (D.I. 21, Tab 3, Hayes 93). Thus, it cannot be said that any procedural violations by the District *significantly impeded* Hayes' ability to participate in the IEP development process.

Plaintiff turns to two previous Delaware administrative hearing panel decisions, *Cape Henlopen Sch. Dist.*, 24 IDELR 1087 (1996) and *In Re: Student with a Disability*, 27 IDELR 1170 (1998), as persuasive authority in support of her argument that the District's alleged procedural violations constituted a denial of FAPE. Plaintiff's reliance is misplaced, as both cases are distinguishable.

First, in her discussion of *Cape Henlopen Sch. Dist.*, Plaintiff represents to the Court that the matter involved the failure of the District "to provide an IEP for a student returning from a private placement funded through a settlement agreement." Plaintiff fails to mention, however, that the student involved in that case had been temporarily placed in the private school at the District's expense, for merely the private school's 1995 summer session. *Id.* at 1090. In addition, the hearing panel went on to note "that had sound judgment prevailed among all concerned, that error [i.e., the District's failure to develop an IEP upon the student's return from Kildonan's summer program], while substantial, *could have been easily remedied*." *Id.* at 1095 (emphasis added). The hearing panel also concluded that the violation did not warrant the relief requested by the parents, namely, a private placement at public expense at the Greenwood School in Vermont. *Id.* at 1088, 1095.

*In Re: Student with a Disability*, 27 IDELR 1170 (1998) is also distinguishable from the instant matter. There the hearing panel found that the student's IEP was not revised after he was re-evaluated, that an "untimely" IEP was used to design the student's first grade IEP, and that the

12

results of the student's re-evaluation were not considered in the development of the student's first grade IEP. These violations differ from the procedural violations alleged by Plaintiff in the instant matter. Here, the uncontroverted evidence shows that the District attempted to re-convene the August 22, 2006 IEP meeting as soon as possible, and that it was Plaintiff's own scheduling demands that necessitated postponement until September 11, 2006, a date after the beginning of the school year. (D.I. 21, Tab 1, Yore 185; D.I. 21, Tab 1, Cook 246-248) (stating that the District wanted to reconvene as quickly as possible but that September 11 was the earliest date on which Hayes was available); (D.I. 21, Tab 4, Joynes 6-7) (noting that the District offered several potential dates but that Hayes was unavailable, possibly due to a family camping trip). Moreover, Plaintiff also refused to attend any subsequently scheduled IEP meeting because of her due process filing.

**IV.    The Parents Are Not Entitled To Reimbursement For The Costs Of The Gow School Placement.**

Defendants hereby incorporate by reference the arguments and authorities contained in Section III of their Opening Brief in Support of Their Joint Motion for Summary Judgment.

13

## CONCLUSION

For the foregoing reasons and authorities cited herein, as well as the arguments and authorities raised in Defendants' Opening Brief in Support of Their Joint Motion For Summary Judgment, which are expressly incorporated herein by reference, Plaintiff's Motion for Summary Judgment must be denied.

| YOUNG, CONAWAY, STARGATT & TAYLOR LLP | DEPARTMENT OF JUSTICE |
|---|---|
| */s/ Michael P. Stafford* <br> Barry M. Willoughby, Esquire (I.D. No. 1016) <br> Michael P. Stafford, Esquire (I.D. 4461) <br> 1000 West Street <br> 17th Floor <br> Wilmington, DE 19899 <br> Phone: (302) 571-6553; (302) 576-3470 <br> bwilloughby@ycst.com; mstafford@ycst.com <br> Attorneys for the Cape Henlopen School District and Dr. George E. Stone | */s/ Paula A. Fontello* <br> Paula A. Fontello, Esquire (I.D. No. 3732) <br> 102 West Water Street <br> Dover, DE 19901 <br> Phone: (302) 739-7641; (302) 739-7652 <br> paula.fontello@state.de.us <br> Attorneys for the Delaware Department of Education, and Secretary of Education, Valerie A. Woodruff |

Dated: February 8, 2008