IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| C.H., by his parents and next Friends, TIMOTHY and BARBARA HAYES, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 1:07-cv-00193 MPT<br>) |
| CAPE HENLOPEN SCHOOL DISTRICT, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
THEIR JOINT MOTION FOR SUMMARY JUDGMENT**

DEPARTMENT OF JUSTICE
Paula A. Fontello, Esq. (I.D. No. 3732)
102 West Water Street
Dover, DE 19901
Phone: (302) 739-7641; (302) 739-7652
Paula.fontello@state.de.us
Attorneys for the Delaware Department
Of Education, and Secretary of
Education, Valerie A. Woodruff

YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Barry M. Willoughby, Esquire (No. 1016)
Michael P. Stafford, Esquire (No. 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6623; 571-6553
Facsimile:  (302) 576-3299; 576-3461
Email: bwilloughby@ycst.com;
mstafford@ycst.com
Attorneys for Defendants, Cape Henlopen School
District and Dr. George E. Stone.

Dated: February 19, 2008

## TABLE OF CONTENTS

Page

TABLE OF CITATIONS ................................................................................................................ii

STATEMENT OF FACTS ............................................................................................................. 1

I.   THE HEARING PANEL CORRECTLY DETERMINED THAT THE DISTRICT DID NOT COMMIT ANY VIOLATIONS OF THE IDEA. ........................................... 1

    A. The District Was Not Required To Have A Completed IEP In Place For C.H. By The First Day Of The School Year. ............................................ 1

    B. The District Properly Noticed Both The August 22, 2006 And September 11, 2006 IEP Team Meetings................................................................ 2

II.   THE PROCEDURAL VIOLATIONS ALLEGED BY HAYES, EVEN *IF* TRUE, DID NOT COMPROMISE C.H.'S RIGHT TO A FAPE, INTERFERE WITH THE PARENTS' OPPORTUNITY TO PARTICIPATE IN THE DEVELOPMENT OF AN IEP, OR CAUSE ANY DEPRIVATION OF EDUCATIONAL OPPORTUNITY................................................................................................................ 2

III.   EQUITABLE CONSIDERATIONS WEIGH AGAINST GRANTING THE RELIEF SOUGHT BY PLAINTIFF. .................................................................................. 4

IV.   PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES REGARDING THE DISTRICT'S ALLEGED "DUTY TO MONITOR." ........................ 7

V.   DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW ON ANY SECTION 504 AND/OR SECTION 1983 CLAIMS RAISED IN THE COMPLAINT. ............................................................................................................. 7

CONCLUSION................................................................................................................................ 8

## TABLE OF CITATIONS

                                                                **Page**

**Other Authorities**

20 U.S.C. § 1414(d)(4)(A)(i) ................................................................................................. 7

42 U.S.C. § 1983 .................................................................................................................... 7

Rehabilitation Act of 1973, § 504 .......................................................................................... 7

**STATEMENT OF FACTS**

In her Answering Brief, Plaintiff purports to rebut several "factual errors contained in Defendants' Statement of Facts." (AB at 2)[1]. In fact, Defendants' Statement of Facts accurately set forth the facts as developed in the administrative due process proceeding below.

First, Plaintiff argues that, contrary to Defendants' assertions, she in fact "initiated the IEP development process in December, 2005, when she [i.e. Hayes] verbally requested an IEP meeting. *See* D.I. 21, Tab 3 at 47: 7-19." (AB at 2-3). This is a clear misstatement of the actual testimony of Plaintiff at the due process hearing, which clearly indicates that it was Elizabeth Joynes, a District employee, who in fact allegedly mentioned testing C.H. at a December, 2005 IEP meeting concerning Plaintiff's younger son.

Second, Plaintiff also claims that the testimony does not support Defendants' assertion that the District wanted to re-convene the August 22, 2006 IEP meeting at the earliest opportunity. The citations to the record provided in Defendants' Opening Brief, however, support Defendants' assertions on this point.

I.   **THE HEARING PANEL CORRECTLY DETERMINED THAT THE DISTRICT DID NOT COMMIT ANY VIOLATIONS OF THE IDEA.**

   A.   **The District Was Not Required To Have A Completed IEP In Place For C.H. By The First Day Of The School Year.**

Plaintiff's Answering Brief largely recapitulates arguments advanced in her Opening Brief in support of her own Motion for Summary Judgment. Defendants, therefore, hereby incorporate by reference the arguments contained in their Joint Answering Brief in Opposition to Plaintiff's Motion for Summary Judgment.

---

[1] References to Plaintiff's Answering Brief are designated as "AB at ____." References to Defendants' Opening Brief are designated as "OB at _____."

1

**B.  The District Properly Noticed Both The August 22, 2006 And September 11, 2006 IEP Team Meetings.**

Plaintiff's Answering Brief largely recapitulates arguments advanced in her Opening Brief in support of her own Motion for Summary Judgment. Defendants, therefore, hereby incorporate by reference the arguments contained in their Joint Answering Brief in Opposition to Plaintiff's Motion for Summary Judgment.

**II.  THE PROCEDURAL VIOLATIONS ALLEGED BY HAYES, EVEN *IF* TRUE, DID NOT COMPROMISE C.H.'S RIGHT TO A FAPE, INTERFERE WITH THE PARENTS' OPPORTUNITY TO PARTICIPATE IN THE DEVELOPMENT OF AN IEP, OR CAUSE ANY DEPRIVATION OF EDUCATIONAL OPPORTUNITY.**

Plaintiff's Answering Brief largely recapitulates arguments advanced in her Opening Brief in support of her own Motion for Summary Judgment. Defendants, therefore, hereby incorporate by reference the arguments contained in their Joint Answering Brief in Opposition to Plaintiff's Motion for Summary Judgment.

Defendants will, however, avail themselves of this opportunity to briefly further address Plaintiff arguments.

As Defendants have repeatedly noted, Plaintiff's argument that any procedural violations committed by the District impeded C.H.'s right to FAPE, significantly impeded her opportunity to participate in the IEP development process, or caused a deprivation of educational benefit, is erroneous.

First, as noted in Defendants' Opening Brief, the District was not obligated, under these facts, to have a fully developed IEP for C.H, on the very first day of school.  (OB at 21-22).

Second, the facts demonstrate that Hayes' ability to participate in the IEP development process was not significantly impeded by any procedural violations committed by the District. First, Plaintiff was aware of the September 11, 2006 IEP meeting. Plaintiff *admitted* in her testimony before the Hearing Panel that a discussion concerning the continuation of the IEP meeting on September 11, 2006 occurred at the conclusion of the August 22, 2006 meeting. (D.I. 21, Tab 3, Hayes 90-91). Plaintiff was also copied on a September 8, 2006 letter from Kichline to Rodgers, which she received on September 9, 2006, inviting representatives of The Gow School to attend the September 11, 2006 IEP meeting. (D.I. 22, Tab 6, Parents' Exhibit 11; D.I. 21, Tab 3, Hayes 93-94). In addition, Plaintiff also testified that she did not attend the September 11, 2006 IEP meeting because she had filed for due process. (D.I. 21, Tab 3, Hayes 93).

Plaintiff argues that the Defendants' Opening Brief "makes a factual misstatement that 'Hayes refused to attend the September 11th meeting because she had filed for due process, not because she had received inadequate or untimely notice of it.' *See* D.I. 34 at 19." However, the facts in the administrative record bear out the truth of Defendants' assertion. The unanimous testimony of the witnesses indicates that it was Hayes' own personal decision to cease participating in the IEP development process after filing her Due Process Complaint on September 7, 2006. (D.I. 21, Tab 1, Kichline 66-68; D.I. 21, Tab 3, Hayes 93). She did not attend the September 11, 2006 IEP meeting, and she refused to participate in any additional meetings thereafter. When specifically asked why she failed to attend the September 11th meeting, Hayes replied that it was "because I had filed for due process." (D.I. 21, Tab 3, Hayes 93). Tellingly, Hayes did not indicate that her refusal to attend the September 11, 2006 IEP meeting was predicated on improper, insufficient, or untimely notice of the meeting, scheduling

3

conflicts on her part, or the delivery of "cupcakes." (D.I. 21, Tab 3, Hayes 90 (Noting that September 11, 2006 was her younger son's birthday and that she wanted "to bring cupcakes to his school.")). Although Plaintiff argues that the Hearing Panel did not make determinations of credibility resolving the inconsistent testimony, however, inherently in making their decision the Hearing Panel reconciled the evidence presented and reached their conclusions.

### III. EQUITABLE CONSIDERATIONS WEIGH AGAINST GRANTING THE RELIEF SOUGHT BY PLAINTIFF.

In her Answering Brief, Plaintiff argues that she acted in good faith and that her conduct was not unreasonable. (AB at 14). She further alleges that the "Defendants rely on a mistaken characterization of the facts in evidence at the hearing to assert that the mother admitted she had no intention of returning C.H. to the District." (AB at 14).

In reality, however, Defendants have consistently argued that a variety of evidence shows, circumstantially, that Hayes' intention, throughout the summer of 2006, was to return C.H. to the Gow School. In support of this argument, Defendants pointed to a variety of evidence, including Liz Joynes' testimony that, as early as May 25, 2006, Hayes informed her that she wanted C.H. to remain at The Gow School and did not intend to return him to the District (D.I. 21, Tab 2, Joynes 96-97), Hayes' submission of a re-enrollment contract for the 2006-2007 school year to the Gow School on March 2, 2006 (D.I. 21, Tab 2, Kelley 80), the payment of Gow School tuition deposits on August 18, 2006 and September 4, 2006 (D.I. 21, Tab 2, Kelley, 80), and Hayes' admission that she never took any steps to enroll C.H. in the District.

Plaintiff has no response to any of the forgoing. Instead, Plaintiff seizes upon Defendants' statement that "Hayes could not identify a *single* document in the record indicating

4

that she intended to return C.H. to the District" (OB at 25), and argues that Defendants' improperly characterize this statement as "demonstrating that C.H.'s mother admitted that all documentary evidence showed that she never intended to return C.H. to a District school." (AB at 14-15). Defendants however, properly argued in the Opening Brief that this testimony, by Hayes, shows that she was unable to identify a single document that indicated she had any intention of returning C.H. to the District or that she had requested that an IEP meeting be scheduled. (D.I. 21, Tab 3, Hayes 103-105).

Plaintiff's characterization of the meetings between Liz Joynes and Hayes over the course of the 2005-2006 school year is also completely at odds with the testimony provided at the administrative hearing. First, while it is true that Hayes and Joynes met on multiple occasions during the course of the 2005-2006 school year, the testimony shows that *none* of these meetings concerned C.H. (D.I. 21, Tab 2, Joynes 140). ("They were other educational-related meetings. They—to my recollection, none of them were specifically about [C.H.]."). Joynes clarified that the meetings concerned Plaintiff's younger son and that she had no indication from them that Plaintiff had any intention of returning C.H. to the District. (D.I. 21, Tab 4, Joynes 3-8). Indeed, Joynes' testimony regarding "a conversation" concerning C.H. was that Plaintiff "indicated that you would like him to stay at Gow School but you didn't indicate that he was returning to the District, no." (D.I. 21, Tab 2, Joynes 138). Joynes was then asked by Plaintiff how many meetings occurred at which "there *could have been* a discussion as to where [C.H.] was going to school for the 06/07 school year" – a far different question than how many discussions actually occurred. (D.I. 21, Tab 2, Joynes 139-140).

The Hearing Panel also questioned Hayes extensively on the substance of the "casual conversations" she had with Liz Joynes over the course of the 2005-2006 school year. (D.I. 21,

5

Tab 3, Hayes 85-86, 98-105; *see also* D.I. 22, Tab 6, Parent's Exhibit 5). Again, Hayes' testimony shows that she had mere casual conversations concerning C.H. at meetings concerning his young brother. Moreover, Hayes' testimony contradicts Plaintiff's argument that Hayes requested that the IEP development process begin for six months, or that she indicated she had any intent of returning C.H. to the District. For example, Hayes pointed to her letter of May 18, 2006 (D.I. 22, Tab 6, Parent's Exhibit 5) as indicating her desire for an IEP meeting and her intent to return C.H. to the District. (D.I. 22, Tab 3, Hayes 85). ("There was, the letter dated May 18th re-establishing the fact that [C.H.] was coming back") (D.I. 21, Tab 3, Hayes 88-89). However, in her testimony, Hayes agreed that the statement "[m]y husband and I will be at [The Gow School] this weekend to attend a P/T conference, pack up [C.H.'s] things, and bring him home following the end of the year closing ceremonies" was the basis of her testimony that the letter of May 18, 2006 put the District on notice that she was returning C.H. to the District for the 2006-2007 school year. (D.I. 21, Tab 3, Hayes 89; D.I. 22, Tab 6, Parent's Exhibit 5). Of course, the letter of May 18, 2006 does not, in fact, indicate any intent to return C.H. to the District, or for an IEP meeting to be scheduled.

Finally, Defendants' argument that the costs of the Gow School tuition are excessive is supported by the record and was not waived at the administrative level. First, the District did obtain testimony concerning the costs of The Gow School's tuition at the administrative hearing. (D.I. 21, Tab 2, Sweet 43). Second, this argument was, in fact, raised in the Joint Closing Argument submitted by the District and the Department to the Hearing Panel. (D.I. 22, Tab 8, Closing Argument, p. 3, 20).

6

### IV. PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES REGARDING THE DISTRICT'S ALLEGED "DUTY TO MONITOR."

In their Opening Brief, Defendants allege that Plaintiff failed to exhaust administrative remedies with respect to the allegations contained in paragraph 32 of the Complaint. In response, Plaintiff cites to 20 U.S.C. § 1414(d)(4)(A)(i), which provides that local educational agencies must review "the child's IEP periodically, but not less frequently than annually, to determine whether the annual goals for the child are being achieved" in order to ensure that the child receives FAPE, and points to several statements in the testimony before the Hearing Panel. Plaintiff's argument presumes, however, the C.H. was *not* a parentally-placed private school student under the terms and provisions of the Settlement Agreement. Plaintiff's argument further ignores that fact that Hayes never alleged that the District either (a) breached the Settlement Agreement or (b) failed in any of its responsibilities towards C.H. during the 2005-2006 school year. As such, Plaintiff has failed to exhaust administrative remedies on the allegations contained in paragraph 32 of the Complaint.

### V. DEFENDANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW ON ANY SECTION 504 AND/OR SECTION 1983 CLAIMS RAISED IN THE COMPLAINT.

In their Opening Brief, Defendants argued that they were entitled to judgment as a matter of law on any claims under Section 504 of the Rehabilitation Act of 1973 ("Section 504") and/or 42 U.S.C. § 1983 ("Section 1983") raised by the Complaint. Plaintiff fails to respond to this argument and has, therefore, conceded it.[2]

---

[2] Defendants note that the Table of Contents to Plaintiff's Answering Brief contains a section titled "Defendants Waived Sovereign Immunity as to the Claims Asserted by the Plaintiff." (AB at i). However, no such argument section is contained in the actual text of the Answering Brief itself.

## CONCLUSION

For the foregoing reasons and authorities cited herein, as well as in Defendants Joint Answering Brief in Opposition to Plaintiff's Motion for Summary Judgment, which is expressly incorporated herein by reference, summary judgment must be granted to the Defendants on all the claims raised in Plaintiff's Complaint.

| YOUNG, CONAWAY, STARGATT & TAYLOR LLP | DEPARTMENT OF JUSTICE |
|---|---|
| */s/ Michael P. Stafford* <br> Barry M. Willoughby, Esquire (I.D. No. 1016) <br> Michael P. Stafford, Esquire (I.D. 4461) <br> 1000 West Street <br> 17th Floor <br> Wilmington, DE 19899 <br> Phone: (302) 571-6553; (302) 576-3470 <br> bwilloughby@ycst.com; mstafford@ycst.com <br> Attorneys for the Cape Henlopen School District and Dr. George E. Stone | */s/ Paula A. Fontello* <br> Paula A. Fontello, Esquire (I.D. No. 3732) <br> 102 West Water Street <br> Dover, DE 19901 <br> Phone: (302) 739-7641; (302) 739-7652 <br> paula.fontello@state.de.us <br> Attorneys for the Delaware Department of Education, and Secretary of Education, Valerie A. Woodruff |

Dated: February 19, 2008