IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| C. H., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C. A. No. 07-cv-00193-MPT |
| | : |
| | : |
| THE CAPE HENLOPEN SCHOOL | : |
| DISTRICT, et al., | : |
| | : |
| Defendants. | : |

PLAINTIFF'S REPLY BRIEF TO DEFENDANTS'
ANSWERING BRIEF IN RESPONSE TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

Bruce L. Hudson, Esq.,
Delaware Bar No. 1003
800 N. King Street, Suite 302
Wilmington, DE 19801
(302) 656-9850

Wayne D. Steedman,
Federal Bar No. 09474
Callegary & Steedman, P.A.
201 N. Charles Street, Suite 1402
Baltimore, Maryland 21201
410-576-7606

## **TABLE OF CONTENTS**

NATURE AND STAGE OF THE PROCEEDINGS..........................................................1
STATEMENT OF FACTS.................................................................................................1
ARGUMENT.......................................................................................................................3
CONCLUSION....................................................................................................................4

## **TABLE OF AUTHORITIES**

Fisher v. Bd. of Educ. of Christina Sch. Dist.,
856 A.2d 552, 557-58 (Del. 2004).......................................................................................3

NATURE AND STAGE OF PROCEEDINGS

On September 7, 2006, the Plaintiff requested an administrative due process hearing alleging that the Cape Henlopen School District (hereinafter, "the District") and the Delaware Department of Education (hereinafter, "the Department") had violated the Individuals with Disabilities Education Act (hereinafter "IDEA"), 20 U.S.C. § 1400 *et seq*. On January 6, 2007, the administrative due process hearing panel (hereinafter, "the Panel") issued its Hearing Order and Decision rejecting four of the Plaintiff's five claims. *In the Matter of CH*, DE DP 07-06. On April 5, 2007, the Plaintiff filed a Complaint for Declaratory and Injunctive Relief appealing that decision in this Court. Defendants filed an Answer to the Complaint on June 14, 2007. Discovery closed on October 30, 2007. Defendants filed a Joint Motion for Summary Judgment on December 5, 2007, and Plaintiff filed a Motion for Summary Judgment on the same date. Plaintiff filed the Opening Brief in Support of His Motion for Summary Judgment on December 21, 2007, and on December 28, 2007, Defendants filed their Opening Brief in Support of Their Joint Motion for Summary Judgment. Plaintiff filed an Answering Brief in Response to Defendants' Joint Motion for Summary Judgment on February 8, 2008, and Defendants concurrently filed their Joint Answering Brief in Opposition to Plaintiff's Motion for Summary Judgment. This Reply Brief serves as a response to that filing by Defendants.

STATEMENT OF FACTS

Plaintiff incorporates, by reference, all statements of fact in his Opening Brief and Answering Brief. In addition, Plaintiff asserts the additional statements of fact, in response to Defendants' Answering Brief.

1

In their Counter Statement of Material Facts As To Which There Is No Dispute, Defendants assert that the Plaintiff mischaracterized multiple meetings between C.H.'s mother and the District's Supervisor of Special Education Programs. See D.I. 40 at 1. Defendants assert that "none of these meetings concerned C.H." but instead concerned C.H.'s younger brother. See id. Defendants misread the transcript.

Defendants do not disagree with the language used in Plaintiff's Opening Brief. Plaintiff noted that "[t]he supervisor and parent met repeatedly over the course of the 2005-2006 school year" and "[o]ver the course of the 2005-2006 school year, C.H.'s mother and the District's Supervisor of Special Programs met in person multiple times." See D.I. 32 at 7, 12 (citing D.I. 21, Tab 2 at 140: 2-19). The District's Supervisor did give specific testimony about meetings concerning C.H.'s younger brother. However, she also admitted that she did not remember the time and subject of every meeting she had had with C.H.'s mother. She admitted "it was possible" that during the 2005-2006 school year, the two had discussed C.H.'s education. See D.I. 21, Tab 2 at 139: 8-18. The Supervisor noted that she and C.H.'s mother had met "a lot" – more than 10 times, possibly more than 20 times – over the course of that school year. See id. at 14: 3-9. The Supervisor admitted, under questioning by counsel for the District, that during a meeting concerning C.H.'s younger brother, the District Supervisor herself raised the subject of C.H.'s education with C.H.'s mother. See id. at 96: 19-97-2. Thus, Defendants' statement on page 1 of their Answering Brief that all of "the meetings concerned Plaintiff's younger son," is erroneous.

Additionally, Defendants assert that Plaintiff's Opening Brief makes a "clear misstatement" of Plaintiff's own testimony before the Hearing Panel. See D.I. 40 at 9.

2

Specifically, Defendants note that Plaintiff's Opening Brief states that C.H.'s mother "offered uncontroverted testimony that she had asked an employee of the District in December 2005 to begin testing C.H. in order to complete an IEP." See id. Defendants assert that, in fact, C.H.'s mother testified that a District employee "mentioned testing C.H. at a December, 2005 IEP meeting concerning" C.H.'s younger brother. See id. Plaintiff will concede Defendants' point. In the testimony of C.H.'s mother, it was in fact a District employee (and not the parent herself) who raised the issue of testing C.H. in December 2005. The same District employee then failed to do anything about testing C.H. for almost six months. See D.I. 22, Tab 6, Exhibit 6 at 1. Plaintiff apologizes to the Court for this error. However, by making this argument, Defendants simply contradict their own contention that C.H.'s mother and the Special Education Supervisor never discussed C.H. in their many meetings.

## ARGUMENT

The prevailing standard by which Delaware courts review Hearing Panel Findings is a modified *de novo* standard. A court must begin its analysis by assuming that the panel's findings are prima facie correct and that deference should be accorded to its assessment of credibility. See Fisher v. Bd. of Educ. of Christina Sch. Dist., 856 A.2d 552, 557-58 (Del. 2004). Defendants argue that "although the Hearing Panel did not specifically reference Plaintiff's lack of testimonial credibility, their reading of the Administrative Decision and Order indicates that the Hearing Panel did conclude the Plaintiff's testimony lacked credibility." See D.I. 40 at 2. Although Defendants allege that Plaintiff's testimony lacked credibility, there is simply no factual or legal basis for their assertion that the Panel made such a determination. Indeed, Defendants fail to cite

3

even a single page of the record to support this assertion. Under the standard of testimonial credibility asserted by the Defendants, this Court would apparently be obligated to give "due weight" not only to the findings and conclusions of the Panel, but any inference made by the Defendants.

## CONCLUSION

WHEREFORE, for the reasons set forth in this brief, in Plaintiff's Answering Brief in Response to Defendants' Joint Motion for Summary Judgment, and in Plaintiff's Brief in Support of his Motion for Summary Judgment, the Plaintiff respectfully requests that this Honorable Court deny Defendants' Joint Motion for Summary Judgment; and grant the Plaintiff's Motion for Summary Judgment, reverse the ruling of the State Hearing Panel and enter judgment in favor of the Plaintiff.

RESPECTFULLY SUBMITTED,

| | |
|---|---|
| /s/ Wayne D. Steedman | /s/ Bruce L. Hudson |
| Wayne D. Steedman, Esq. | Bruce L. Hudson, Esq |
| Federal Bar No. 9474 | Delaware Bar No. 1003 |
| Callegary & Steedman, P.A. | Law Office of Bruce L. Hudson |
| 201 N. Charles St., Suite 1402 | 800 N. King St., Suite 302 |
| Baltimore, MD 21201 | Wilmington, DE 19801 |
| (410) 576-7606 | (302) 656-9850 |
| wayne@callegarysteedman.com | delaw@brucehudsonlaw.com |
| Attorney for Plaintiffs | Attorney for Plaintiffs |