## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| C.H. | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 07-193-MPT |
| | : | |
| THE CAPE HENLOPEN SCHOOL | : | |
| DISTRICT, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Bruce L. Hudson, Esquire of the Law Office of Bruce L. Hudson, Wilrnington, Delaware.
    Of Counsel: Wayne D. Steedman, Esquire of Callegary & Steedman, P.A.,
    Baltimore, Maryland.
Counsel for Plaintiff

Michael P. Stafford, Esquire of Young, Conaway, Stargatt & Taylor, Wilmington,
Delaware.
Counsel for Defendant Cape Henlopen School District and Defendant George E. Stone.

Jennifer Lynn Kline, Esquire; David L. Cooke, Esquire; Paula Fontello, Esquire, of the
Department of Justice, Dover, Delaware.
Counsel for Defendant Delaware Department of Education and Defendant Valerie A.
Woodruff.

July 22, 2008
Wilmington, Delaware

Thynge, U.S. Magistrate Judge

## I. Introduction

C.H. ("plaintiff") filed this action against defendants: Cape Henlopen School District; George E. Stone, Superintendent of Schools; Delaware Department of Education; and Valerie A. Woodruff, Secretary of Delaware Department of Education (collectively "defendants") on April 5, 2007. Plaintiff seeks judicial review, pursuant to 20 U.S.C. § 1400 *et seq.*, 29 U.S.C. § 794 *et seq.*, 42 U.S.C. § 1983, 28 U.S.C. §§ 1331 and 1343 and 14 Del. C. § 3100 *et seq.*, of a decision by the Delaware Department of Education Due Process Hearing Panel denying his claim for reimbursement of tuition, room, board, and related expenses of the Gow School for the 2006-2007 school year. Currently before the court are the parties' cross motions for summary judgment. For the reasons stated below, the court grants defendants' motion and denies plaintiff's motion.

## II. Background[1]

### A. Facts and Procedural History

Plaintiff is a minor child. He was born November 11, 1990 and has been diagnosed with Dyslexia, Dysgraphia and a Severe Language Disorder. The presence of ADHD and the possibility of a central auditory processing disorder have also been noted at previous examinations. Plaintiff has been identified as a child with a specific learning disability as defined by 20 U.S.C. § 1401 and 29 U.S.C. § 705 since the 1998-

---

[1] All facts are evinced from the hearing panel decision (D.I. 21), plaintiff's opening brief in support of his motion for summary judgment (D.I. 32), and defendants' opening brief in support of their motion for summary judgment (D.I. 34).

1999 school year. As of 2000, plaintiff and his parents have resided within the Cape Henlopen School District ("District").

Plaintiff attended fourth grade in the District during the 2000-2001 school year. During that year, plaintiff's parents protested the special education that the District was providing for their son. Specifically, they argued that the District was not providing a free appropriate public education ("FAPE"), and alternatively, that if the education provided was considered to be a FAPE, it was inadequate. In 2001 and 2002, at the request of plaintiff's parents, due process hearings were held before the Delaware Department of Education. Around that period, plaintiff's parents unilaterally withdrew their son from school in the District and enrolled him at The Greenwood School in Putney, Vermont, a private school serving students with disabilities. Thereafter, they sought reimbursement from the District for the tuition of The Greenwood School and related expenses.

The Delaware Department of Education denied the parents' request. The hearing panel found that the District had provided plaintiff with a FAPE, as well as, an appropriate individualized education program ("IEP"). Plaintiff's parents subsequently appealed that decision to the United States District Court for the District of Delaware. The district court affirmed the decision of the hearing panel.[2] The parents then appealed that decision to the United States Court of Appeals for the Third Circuit. The Third Circuit affirmed the district court's decision.

After the appellate decision, plaintiff returned to the District in the fall of 2003.

---

[2] *Corey H. v. Cape Henlopen School District*, 286 F. Supp. 2d 380 (D. Del. 2003).

3

The parents and the district again engaged in the IEP process, and agreed on an IEP for plaintiff. However, after disagreement over the placement of plaintiff within the District, the parents unilaterally withdrew their son again from the District in February 2004 and placed him at the Gow School, a private residential school for boys suffering from language-based learning disabilities in South Wales, New York.

Plaintiff's parents sought reimbursement from the District for their son's education at the Gow School. The District again opposed reimbursement. The parents and the District then entered into a settlement agreement that resolved all disputes arising from the District's obligation to provide a FAPE for plaintiff during the 2005-2006 school year. The District agreed to pay plaintiff's tuition at the Gow School for that year, as well as, some other specifically stated costs associated with attendance at the Gow School. The agreement clearly stated that plaintiff was unilaterally enrolled at the Gow School by his parents and that the terms of the agreement were only applicable for the 2005-2006 school year. Furthermore, the agreement did not place any duty on the District to monitor plaintiff's performance or develop an IEP for plaintiff while he attended the Gow School.

During the 2005-2006 school year, plaintiff's mother and special education personnel at the District discussed a possible placement for plaintiff in the District for the 2006-2007 year, and in turn, the development of an IEP for plaintiff. In May 2006, the District began the formal process of instituting an IEP by requesting permission to evaluate plaintiff. Plaintiff's mother returned the permission request form without properly checking off the box that authorized the evaluation. As a result of the difficulty with the request form, the District did not obtain the proper authorization to evaluate

4

plaintiff until July 6, 2006. A District psychologist evaluated plaintiff on August 7 and 14, 2006 and completed a report of his evaluation on August 15, 2006.

On August 18, 2006, the District sent an IEP meeting notice to the parents which advised that an IEP team meeting was scheduled for August 22, 2006.[3] The notice stated that the meeting was intended to include a review of the results of the recent evaluations, determine eligibility for special education services and to develop or revise an IEP. The meeting took place as scheduled and both sides discussed the recent evaluations. The meeting determined that plaintiff was still eligible for special education. However, as a result of the lengthy discussion regarding the evaluations, accompanied by scheduling conflicts of members of the IEP development team, the meeting adjourned before an IEP could be developed. The District's representatives at the meeting expressed a desire to reconvene as soon as possible to finish the IEP. Plaintiff's mother could not meet until after the start of the school year[4] due to various scheduling conflicts. The members of the IEP team, with the knowledge and consent of plaintiff's mother, agreed to continue the meeting until September 11, 2006, as this was the first day when all members of the team and the mother were available.[5]

On September 7, 2006, plaintiff's mother filed a request for a due process

---

[3] Plaintiff's mother signed a written waiver which provided that she was willing to meet less than 10 days after she received the notice of the meeting as the IEP process procedure technically mandates.

[4] The first day of school for the Cape Henlopen School District was September 6, 2006.

[5] The District did not send the mother a formal notice of the continuation of the IEP team meeting scheduled for September 11, 2006.

hearing before the Department of Education Hearing Panel. Moreover, plaintiff did not report to school in the District on September 6, 2006; instead he returned to the Gow School for the start of its academic year on September 5, 2006. At that time, plaintiff's mother advised that she would no longer participate in the IEP development process. The Districts' IEP team was ready to continue the IEP development on September 11, 2006. The meeting, however, was not held since plaintiff's mother refused to participate.[6]

Prior to the August 2007 testing of plaintiff, the District's psychologist requested various documents from the Gow School. On August 16, 2006, the psychologist asked the Gow school for a clearer copy of the documents: he also asked for a copy of the Teacher Ratings Scales. The Gow School did not deliver all of the requested documents until August 28, 2008. Therefore, at the August 22, 2006 meeting, the psychologist discussed the information received to date; he subsequently prepared an addendum to the report after the requested documents were provided.

As noted by the Hearing Panel, plaintiff had been re-enrolled in the Gow School by March 2006 for the 2006-2007 year. Further, plaintiff's parents failed to meet the regulatory notice requirement for reimbursement from the District.[7]

## B. Findings of the Hearing Panel

The due process hearing before the Hearing Panel occurred on December 4,

---

[6] Plaintiff's mother further refused to give permission for the District to conduct a speech and language evaluation that was to be held at the Gow School.

[7] *See* 34 C.F.R. § 300.148(d)(ii) (mandating that parents must notify the school at least ten days prior to the removal of the child from the public school if the parents seek to be reimbursed for the cost of the private school).

6

2006 and December 12, 2006. Plaintiff and defendants each filed closing arguments

on December 22, 2006. The Hearing Panel issued its decision on January 6, 2007.

The Panel noted that the parents alleged five violations of the Individuals with

Disabilities Education Act ("IDEA") on the part of the District. The five alleged violations

are as follows:

a. The District failed to develop an IEP while C.H. was still enrolled in a private school.
b. The District failed to provide an IEP for C.H.'s 2006-2007 school year in a timely manner and according to IDEA requirements.
c. The District failed to provide the required ten day notice of any proposed IEP meeting for 2006/2007 school year.
d. The District failed to provide the Speech and Language Evaluation stipulated by the District to be necessary before the District could develop CH.'s 2006/2007 IEP goals and objectives.
e. The District failed to review and consider C.H.'s current standardized testing performed at the Gow School, his current teacher comments and his present levels of performance as provided by his end of year report card from the Gow School in its August 2006 Psycho-educational assessment.

The Hearing Panel characterized the first four allegations as procedural and the

fifth allegation as substantive. It found that no substantive violation of a FAPE resulted

from the manner in which the District's psychologist used the Gow School records. The

Panel reasoned that for a procedural violation to constitute a denial of a FAPE, the

violation must "(i) [have] impeded the child's right to a FAPE; (ii) significantly impeded

the parent's opportunity to participate in the decision-making process regarding the

provision of a FAPE to the parent's child; or (iii) caused a deprivation of education

benefit."[8] The Hearing Panel determined that the only possible procedural error was the

District failing to include in its notice of the IEP meeting a definitive statement that

_____

[8] 34 C.F.R. 3000.513(a)(2).

7

transition services would be discussed as a part of plaintiff's IEP. The Hearing Panel reasoned "this possible procedural error is easily curable and does not rise to the level of impeding a child's right to a FAPE or significantly impeding the parent's right to participate in the decision making process regarding the provision of a FAPE to the student or causing a deprivation of educational benefit." The Panel cited case law from this court in support of its decision regarding the minimal effect of the possible procedural violation.[9]

## III. Standard of Review

### A. Summary Judgment

Summary judgment is appropriate if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any" that there are no genuine issues of material fact; and therefore, the moving party is entitled to judgment as a matter of law.[10] In making this determination, the court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party.[11] A court should not weigh the evidence or make credibility determinations at this stage of litigation.[12]

In order to defeat a motion for summary judgment, the non-moving party must: "do more than simply show some metaphysical doubt as to the material facts . . . In the

_____

[9] *Corey H. v. Cape Henlopen School District*, 286 F. Supp. 2d 380, 385 (D. Del. 2003) (holding that minor procedural violations do not constitute an IDEA violation).

[10] Fed. R. Civ. P. 56(c).

[11] *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976).

[12] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000).

8

language of the Rule, the non moving party must come forward with specific facts showing there is a genuine issue for trial."[13] However, summary judgment will not be denied because of the mere existence of some evidence favoring the non-moving party; there must be sufficient evidence to enable a jury to find for the nonmoving party on that issue.[14] "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[15]

## B. Review of the Hearing Panel's Decision

In considering an appeal from a special education due process panel's decision, the court will apply a modified *de novo* standard.[16] Under that standard, the court defers to the panel's findings "unless it can point to contrary non-testimonial extrinsic evidence on the record."[17]

The court must give deference to credibility determinations made by the panel, unless a contrary conclusion is justified by evidence that is present on the record.[18] The court should not "substitute [its] own notions of sound educational policy for those of

---

[13] *Matsushita Elec. Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986).

[14] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[15] *Id.*

[16] *S.H. v. State-Operated Sch. Distr.*, 336 F.3d 260, 270 (3d Cir. 2003); *see also Fisher v. Bd. of Educ. of the Christiana Sch. Dist.*, 856 A.2d 552, 557-58 (Del. 2004).

[17] *S.H.*, 336 F.3d at 270.

[18] *See Shore Reg'l High School Bd. of Educ. v. P.S.*, 381 F.3d 194, 199 (3d Cir. 2004).

9

school authorities."[19]  A reviewing court must further give "due weight" to a final decision

of an administrative body.[20]  The Third Circuit requires that if the district court does not

follow the agency's ruling, it must provide an explanation of why its decision differs from

that of the agency.[21]

## IV. Discussion

Plaintiff, in his appeal to this court, contends that the Hearing Panel erroneously

concluded that no procedural errors occurred during the course of the IEP development

process for the 2006-2007 school year.  Plaintiff further asserts that these alleged

procedural errors constitute a denial of a FAPE.

Plaintiff, in support of that argument, emphasizes that a FAPE is denied if:

the procedural inadequacies (i) [i]mpeded the child's right to a FAPE;  (ii)
significantly impeded the parent's opportunity to participate in the decision-
making process regarding the provision of a FAPE to the parent's child; or
(iii) caused a deprivation of the educational benefit.[22]

Plaintiff also notes that the Supreme Court has indicated that the primary vehicle to

provide a FAPE is the IEP.[23]

Those factors, set forth in 34 C.F.R. § 300.513(a)(2), must be analyzed in

determining if a child is denied a FAPE.  The court, in recognizing the importance of the

---

[19] *Fisher*, 856 A.2d at 558 (*citing Board of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206-07 (1982).

[20] *Rowley*, 458 U.S. at 206.

[21] *Carlisle Area School. v. Scott P.*, 62 F.3d 520 (3d Cir. 1995) (citations omitted).

[22] 34 C.F.R § 300.513(a)(2).

[23] *See Honig v. Doe*, 484 U.S. 306 (1988).

IEP in the FAPE development process, will focus its attention on the development, or lack thereof, of the IEP in the present case.

Before engaging in that analysis, the court will comment on certain arguments by the parties in their cross-motions for summary judgment. The parties spent a significant effort debating the events that lead up to the August 22, 2006 IEP team meeting. Specifically, they argue about the manner in which the District was notified of plaintiff's desire to return to the school for the 2006-2007 school year, the reason why the IEP process was delayed and the terms of their 2005-2006 settlement agreement. The parties further devote significant verbage to debating whether plaintiff is considered a "transfer" student and whether the District had any obligation to plaintiff during the 2005-2006 school year when plaintiff was at the Gow School. The court appreciates both parties efforts to inform it of the detailed factual context that lead to the present litigation. However, given the language of 34 C.F.R. § 300.513(a)(2), combined with Supreme Court precedent and Third Circuit case law on IDEA, the court finds that the analysis of whether or not plaintiff was denied a FAPE should focus on the IEP development process surrounding the IEP meeting on August 22, 2006 and the subsequent events immediately following the meeting.

That narrower focus centers on whether any procedural violations occurred during the IEP process around the time of the August 22, 2006 meeting through the beginning of the 2006-2007 school year; and if procedural violations did occur, whether such violations constituted a denial of a FAPE. Such an analysis focuses on the requirements of a FAPE, "that the education to which access is provided be sufficient to

confer some educational benefit" on the disabled child.[24]

Plaintiff argues that a FAPE was denied because the IEP was not in place on the

first day of school. The reason why the IEP was not in place is at least in part the fault

of plaintiff's mother.[25] Plaintiff does not contest that the District's IEP team, as well as,

members of the Gow School faculty, were ready to proceed with the meeting on

September 11, 2006. The continued IEP meeting did not occur because plaintiff's

mother refused to participate in any further IEP meetings.[26] The court, therefore, is

convinced that an IEP could have been instituted for plaintiff after the September 11,

2006 meeting and that none was developed because of the conduct of plaintiff's mother.

The next issue to address is whether the absence of an IEP by September 6,

2006, the first day of classes, resulted in a denial of a FAPE.

> Procedural flaws in an IEP do not automatically signify a deprivation of a
> student's FAPE. It is only when the mistake compromises the pupil's right
> to an appropriate education, seriously hampers the parents' opportunity to
> participate in the formulation process, or causes a deprivation of
> educational benefits that an IDEA violation occurs. However, minor
> procedural violations *do not constitute an IDEA violation*.[27]

The record evidences that had the IEP team and plaintiff's mother met on September

11, 2006, an IEP could have been in place less than a week after classes began. While

---

[24] *Rowley*, 458 U.S. at 181; *see also* 20 U.S.C. 1414(d).

[25] Plaintiff does not dispute that his mother's travel plans and other subsequent obligations contributed to the delay in reconvening the IEP meeting after August 22, 2006.

[26] The mother's refusal occurred after plaintiff filed a due process complaint with the Hearing Panel on September 7 2006.

[27] *Corey H.*, 286 F. Supp. 2d at 385 (emphasis added); *see also* 34 C.F.R § 300.513(a)(2).

the court does not recommend having a disabled child attend school without an IEP, it finds the week delay to be a minor procedural error. Consequently, the absence of an IEP on the first day of school does not equate to a denial of a FAPE.

Plaintiff further contends the District failed to provide the required notice of the IEP meeting, and the inadequate notice amounted to a denial of a FAPE. In regard to the August 22, 2006 meeting, the record clearly shows that plaintiff's mother waived her right to the ten day notice of the IEP meeting. Concerning the September 11, 2006 meeting, the record indicates that that meeting was merely a continuation of the August 22, 2006 meeting and, therefore no new notice was necessary. Plaintiff does not argue that his mother lacked actual knowledge of the continuation of the IEP meeting. Therefore, plaintiff's argument that a FAPE was denied because of a so-called "failure to notify" is incorrect.

The second alleged procedural violation is the failure in the notification for the August 22, 2006 meeting to detail the full itinerary of that meeting. A review of the case law from the Third Circuit and the underlying purpose of the IDEA leads to the conclusion that that possible procedural error does not constitute a denial of a FAPE.

Since no procedural violations that amount to a denial of a FAPE have been found, it is unnecessary to analyze whether his parents were justified in enrolling plaintiff in the Gow School, and whether the costs requested in association with his attendance at the school are unreasonable. Because no denial of a FAPE is found, the District is not responsible to reimburse plaintiff for the costs associated with attendance at a private school.

## V. Conclusion

For the reasons discussed herein, the court grants defendants' motion for summary judgment and denies plaintiff's motion for summary judgment. An order consistent with this memorandum opinion shall follow.